**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HUISHAN CHEN, <br><br> Plaintiff, <br><br> V. <br><br> ADEDIY AND THE OTHER INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" <br><br> Defendants. | Civil Action No. 2 :24-cv-001516 <br><br> JURY TRIAL DEMANDED |

## MOTION TO VACATE PRELIMINARY INJUNCTION

**TABLE OF CONTENTS**

**I. INTRODUCTION** ............................................................................................................... 1

**II. LEGAL STANDARD** ........................................................................................................ 2

**III. ARGUMENT** ...................................................................................................................... 3

A.  The PI Order Should Be Vacated for Lacking Personal Jurisdiction. ................................. 3

   1. Plaintiff failed to show the general personal jurisdiction over Defendants. ................... 4

   2. Plaintiff failed to show the specific personal jurisdiction over Defendants. .................. 5

B.  Plaintiff Has Not Established a Likelihood of Success on the Merits. ................................ 7

   1. Plaintiff's Asserted Copyrights are Invalid ..................................................................... 7

   2. Even if Valid, Defendants Did Not Copy Plaintiff's Asserted Copyrights. ................. 10

C.  Plaintiff Failed to Establish Irreparable Harm. ................................................................ 11

D.  Balance of Factors Weighs Against the PI Order ............................................................. 13

E.  The Security Bond Associated with The PI Order Is Insufficient. ................................... 14

**IV. CONCLUSION** ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Am. Beverage Corp. v. Diageo N. Am., Inc.*,
    936 F. Supp. 2d 555 (W.D. Pa. 2013)........................................................................11, 13

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*,
    480 U.S. 102 (1985)...................................................................................................5

*BGSD, Inc. v. SPAZEUP, LLC.*,
    No. 5:23-CV-4855, 2024 WL 688665 (E.D. Pa. Feb. 20, 2024) ........................5

*Burger King Corp. v. Rudzewicz.*,
    471 U.S. 462 (1985)................................................................................................5, 6

*Campbell Soup Co. v. ConAgra, Inc.*,
    977 F.2d 86 (3rd Cir. 1992) ...................................................................................11

*CoachSource, LLC v. Coachforce.*,
    o. CV175126ESSCM, 2019 WL 1385200 (D.N.J. Mar. 27, 2019).....................6

*Cottrill v. Spears.*,
    87 F. App'x 803 (3d Cir. 2004), as amended on reh'g (June 2, 2004) ...............10

*Daimler AG v. Bauman.*,
    571 U.S. 117 (2014)................................................................................................4

*Don Post Studios, Inc. v. Cinema Secrets, Inc.*,
    124 F.Supp.2d 311 (E.D. Pa. 2000) .......................................................................7

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)................................................................................................11

*E.I. du Pont de Nemours and Co. v. Agfa-Gavaert NV.*,
    335 F. Supp. 3d 657 (D. Del. 2018).......................................................................3

*Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*,
    499 U.S. 340 (1991)..............................................................................................7, 8

*Ferring Pharms., Inc. v. Watson Pharms., Inc.*,
    765 F.3d 205 (3d Cir. 2014)...................................................................................12

*Flipside Wallets LLC v. Brafman Grp. Inc.*,
    No. 19-cv5356, 2020 WL 1330742 (E.D. Pa. Mar. 19, 2020)............................6

*General Elec. Co. v. Deutz AG.*,
   270 F.3d 144, 150 (3d Cir. 2001)......................................................................4

*Google LLC v. Oracle Am., Inc.*,
   141 S. Ct. 1183 (2021)...................................................................................10

*Helicopteros Nacionales de Colombia S.A. v. Hall.*,
   466 U.S. 408 (1984).........................................................................................3

*Instant Air Freight Co. v. C.F. Air Freight*,
   882 F.2d 797 (3d Cir. 1989)..............................................................................3

*In re Diet Drugs*,
   282 F.3d 220 (3d Cir. 2002)..............................................................................3

*In re Revel AC.*,
   802 F.3d 558 (3d Cir. 2015)..............................................................................7

*Marten v. Godwin.*,
   499 F.3d 290 (3d Cir.2007)...............................................................................3

*Mellon Bank (East) PSFS v. Farino.*,
   960 F.2d 1217 (3d Cir.1992).............................................................................4

*Mon Aimee Chocolat, Inc. v. Tushiya, LLC.*,
   No. CIV.A. 14-1568, 2015 WL 2232270 (W.D. Pa. May 12, 2015).................6

*Nutrasweet Company v. Vit–Mar Enterprises*,
   176 F.3d 151 (3d Cir.1999)...............................................................................2

*New Earthshell Corp. v. Lycos Internet Ltd.*,
   No. 14-7665, 2015 WL 170564 (D.N.J. Jan. 12, 2015).....................................3

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir.2007)...............................................................................3

*Opticians Assoc. of America v. Independent Opticians of America.*,
   920 F. 2d 187 (3d. Cir. 1990)...........................................................................13

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n.*,
   819 F.2d 434 (3d Cir.1987)...............................................................................4

*Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*,
   319 F. Supp. 3d 754 (D.N.J. 2018), aff'd, 931 F.3d 215 (3d Cir. 2019)......................8, 12

*Schiffer Publ'g, Ltd. v. Chronicle Books, LLC.*,

2004 WL 2583817 (E.D.Pa. Nov.12, 2004) ....................................................10

*St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*,
    414 F.3d 700 (7th Cir. 2005) .................................................................12

*Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*,
    335 F.3d 235 (3d Cir. 2003).................................................................14

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003)..............................................................5, 6

*Zambelli Fireworks Mfg. Co. v. Wood.*,
    592 F.3d 412 (3d Cir. 2010)................................................................14

**Statues**

17 U.S.C. § 502(a) .........................................................................................2

17 U.S.C. § 410(c) .........................................................................................7

17 U.S.C. § 102(a) .........................................................................................8

**Rules**

Fed.R.Civ.P. 4(k)(1)(A).................................................................................3

Defendants, Defendant No. 1-ADEDIY, Defendant No. 3-AnnHomeArt, Defendant No. 5-Artsadd, Defendant No. 9-CustomSurprise, Defendant No. 15-gogogosky, Defendant No. 12-DragonDesignGifts, Defendant No. 21-onlyYown, and Defendant No. 23-Personalizationcity (collectively as "Defendants") [Dkt. 2-5], by and through their undersigned counsel, hereby respectfully moves this Court to vacate the Preliminary Injunction dated December 18, 2024 [Dkt. 26].

## I. INTRODUCTION

On November 27, 2024, Plaintiff Huishan Chen (hereinafter, "Plaintiff") filed this instant suit alleging that their purported copyrighted images of boy's face and a girl's face ("Asserted Copyrights") were being widely violated, including by the Defendants, who sell the Baby Tooth Box Products ("Accused Products"). Dkt. 2. On December 04, 2024, Plaintiff moved for an *ex parte* for temporary restraining order; order restraining assets and merchant storefronts; order to show cause why a preliminary injunction should not issue and order authorizing expedited discovery [Dkt. 6], at the same time Plaintiff moved for alternative service on Defendants [Dkt. 12] with Declaration of Pete Wolfgran [Dkt.13]. The Court granted Plaintiff's motion for TRO [Dkt. 18] and motion for alternative service on December 05, 2024 [Dkt. 20]. On December 18, 2024, The Court granted Preliminary Injunction [Dkt.26] ("PI Order"). On January 15, 2025, Defendant's counsel conferred with Plaintiff's counsel via email, during which Plaintiff's counsel indicated that Plaintiff intends to oppose this motion.

For the following reasons (among others), Plaintiff is not entitled to the injunctive relief it seeks:

First, Plaintiff failed to make a prima facie showing of personal jurisdiction over Defendant in this case. Plaintiff failed to demonstrate that Defendant has ever shipped or offered to ship Accused Products to a person associated with a Pennsylvania address. In fact, none of the

Defendants have sold any Accused Products to Pennsylvania. *See* Decl. of Mengyu Wang, ¶ 10; Decl. of Jie Ouyang, ¶ 10; Decl. of Yuping Qiu, ¶ 10; Decl. of Wangyun Liu, ¶ 10; Decl. of Yinan Luo, ¶ 10; Decl. of Guoyu Chen, ¶ 10; Decl. of Heyuan Guo, ¶ 10; Decl. of Feixiong Huang, ¶ 10; (collectively as "Decl. of Defendants.")

Second, Plaintiff also failed to establish a likelihood of success on the merits. Plaintiff's Asserted Copyrights are invalid because the identical images have been registered in China years before Plaintiff's registration. A true and correct copy of the Chinese copyright with translated version is attached hereto as Exhibit 1 ("Chinese Copyright").

Third, Plaintiff failed to submit any evidence to show the alleged irreparable harm except its conclusory statements. Defendants have suffered and continue to suffer irreparable harm because of the PI Order. The balance of harm and public interest weigh against the preliminary injunction. Additionally, the total $5,000 bond set in conjunction with the PI Order is significantly insufficient to cover the extensive damages that Defendant are likely to suffer as a result of this injunction.

Therefore, Defendants respectfully request the Court to vacate the PI Order.

## II. LEGAL STANDARD

Injunctive relief for copyright infringement is authorized by 17 U.S.C. § 502(a), which provides that the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *Nutrasweet Company v. Vit–Mar Enterprises*, 176 F.3d 151, 153 (3d Cir.1999).

A plaintiff's failure to establish any of these four elements in its favor renders a preliminary injunction inappropriate. *Id*. Because the grant of injunctive relief is an extraordinary remedy, it "should be granted only in limited circumstances." *Instant Air Freight Co. v. C.F. Air Freight*, 882 F.2d 797, 800 (3d Cir. 1989). As set forth below, those circumstances simply do not exist here.

## III. ARGUMENT

### A. The PI Order Should Be Vacated for Lacking Personal Jurisdiction.

The Third Circuit has "held that 'preliminary matters such as ... personal jurisdiction ... should be raised and disposed of before the court considers the merits or quasi-merits of a controversy.'" *In re Diet Drugs*, 282 F.3d 220, 229 (3d Cir. 2002). "The question of personal jurisdiction is a threshold issue that the Court should address before considering the merits of Plaintiff's preliminary injunction application." *New Earthshell Corp. v. Lycos Internet Ltd*., No. 14-7665, 2015 WL 170564, at *2 (D.N.J. Jan. 12, 2015). Indeed, this is because the existence of personal jurisdiction over the parties is a necessary prerequisite before the Court entertains a Motion for Preliminary Injunction. *E.I. du Pont de Nemours and Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 665 (D. Del. 2018) ("[A] district court cannot enjoin a party if it does not have jurisdiction over that party[.]").

"[A] District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor v. Sandy Lane Hotel Co*., 496 F.3d 312, 316 (3d Cir.2007); *see* Fed.R.Civ.P. 4(k)(1)(A). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons.Stat. Ann. § 5322(b). Once the defense of lack of personal jurisdiction is raised, "the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir.2007).

Two forms of personal jurisdiction exist: general and specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction exists where the defendant's contacts with the forum are "continuous and systematic," even if the cause of action is unrelated to the defendant's activities in the forum state. *Id*. at 414-16. "Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). Here, Plaintiff failed to bear the burden of showing the personal jurisdiction exists.

**1. Plaintiff failed to show the general personal jurisdiction over Defendants.**

General jurisdiction requires continuous and systematic contacts and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliation with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id*. The Court of Appeals has held that a plaintiff must prove significantly more than mere minimum contacts to invoke the court's general jurisdiction. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987).

Here, it is apparent that all the Defendants are entities organized and located in China. *See* Decls. of Defendants, ¶4. The Defendants have no employees, storefront, or any other sort of physical presence in Pennsylvania, and do not have any bank account, phone number, or any specific digital presence targeted to Pennsylvania or Pennsylvania residents. *Id*. Plaintiff failed to allege any specific "continuous and systematic" contacts with Pennsylvania. *See* Dkt. 1, ¶12. Thus, Plaintiff failed to allege the general personal jurisdiction over Defendants. *Mellon Bank (East)*

*PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992) (A plaintiff meets its burden to establish a prima facie case of personal jurisdiction by demonstrating "with reasonable particularity sufficient contacts between the defendant and the forum state.")

### 2. Plaintiff failed to show the specific personal jurisdiction over Defendants.

A district court may exercise specific personal jurisdiction "only when the defendant has constitutionally sufficient 'minimum contacts' with the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), and where subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 369 (3d Cir. 2002). In conducting this jurisdictional inquiry, the court must examine whether the defendant has "availed himself of the privileges of [forum] law and the extent to which he could reasonably anticipate being involved in litigation in the [forum]." *Id*. at 370. Specifically, jurisdiction is proper over a commercial entity that "has taken 'action...purposefully directed toward the forum state.'" *Id*. (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal*., 480 U.S. 102, 112 (1985)

Plaintiff's personal jurisdiction allegations are entirely based on Defendants' operation of online stores. *See* Dkt. 1, ¶12. To determine whether a web site available in the forum state evidences purposeful availment of the law of a forum, courts in the Third Circuit first consider where the web site falls on the sliding scale originally set forth in *Zippo* case. *Toys "R" Us, Inc. v. Step Two*, S.A., 318 F.3d 446, 452 (3d Cir. 2003). Defendants do not dispute that their Amazon stores are fully interactive. However, the Third Circuit has emphasized that "the mere operation of a commercially interactive web site" is not enough establish personal jurisdiction in every location where the web site is available. *Toys "R" Us*, 318 F.3d at 454. Rather, in addition to commercial interactivity, "there must be evidence that the defendant 'purposefully availed' itself of conducting

activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id*. at 454.

In the Compliant, Plaintiff alleges nothing more than Defendants' operation of the Amazon stores. *See* Dkt. 1, ¶12. Plaintiff failed to allege any specific facts tending to suggest that Defendants targeted their business at Pennsylvania or sold its products here. *BGSD, Inc. v. SPAZEUP, LLC*, No. 5:23-CV-4855, 2024 WL 688665, at *3 (E.D. Pa. Feb. 20, 2024) (citing *CoachSource, LLC v. Coachforce*, No. CV175126ESSCM, 2019 WL 1385200 at *4 (D.N.J. Mar. 27, 2019) (finding no specific jurisdiction where the evidence merely amounted to a website "available to potential customers nationwide."); *Mon Aimee Chocolat, Inc. v. Tushiya, LLC*, No. CIV.A. 14-1568, 2015 WL 2232270 at * 5 (W.D. Pa. May 12, 2015) (finding no specific jurisdiction where, despite maintaining a commercially interactive website, the plaintiff produced no evidence of any "Pennsylvania claim-related sales or shipments.")).

Plaintiff failed to show any Defendants have ever sold or shipped any Accused Products into this District. Plaintiff merely alleged that Defendants offer to sell and sell the Infringing Products to consumers residing in the United States, including Pennsylvania residents in this Judicial District, through Defendants' Online Storefronts. *See* Dkt. 7, p. 4; Dkt. 8, ¶3. However, it is insufficient to show the specific personal jurisdiction. The Third Circuit specified that "the two documented sales appear to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court has held insufficient to warrant the exercise of jurisdiction." *Toys "R" Us*, 318 F.3d at 454-455 (citing *Burger King,* 471 U.S. at 475). Likewise, in *Flipside Wallets LLC v. Brafman Grp. Inc*., No. 19-cv5356, 2020 WL 1330742 (E.D. Pa. Mar. 19, 2020), the court noted that Amazon completed, filled, and shipped all orders, and that even if the defendant "knew or should have known that its [products] would end up in Pennsylvania through Amazon sales, that

expectation is insufficient to establish specific jurisdiction." *Id*. Thus, Plaintiff failed to establish the specific personal jurisdiction over Defendants. In fact, Defendants have never sold any of the Accused Products to Pennsylvania. *See* Decl. of Defendants, ¶3.

Therefore, Plaintiff failed to make out a *prima facie* case of personal jurisdiction over Defendant, and the PI Order should be vacated.

**B. Plaintiff Has Not Established a Likelihood of Success on the Merits.**

To establish a likelihood of success, a plaintiff must show that "there is 'a reasonable chance, or probability, of winning.'" *In re Revel AC*, 802 F.3d 558, 568 (3d Cir. 2015). This requires the plaintiff to "demonstrate that it can win on the merits," which involves a showing that its chances of establishing each of the elements of the claim are "significantly better than negligible." *Id*. To establish copyright infringement, Plaintiff must demonstrate (1) ownership of a valid copyright; and (2) that the infringer's unauthorized copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361 (1991).

**1. Plaintiff's Asserted Copyrights are Invalid.**

**First, Plaintiff's Asserted Copyrights are not presumably valid.** "A plaintiff in a copyright infringement action must prove ... that the copyright upon which it rests its claim is valid." *Don Post Studios, Inc. v. Cinema Secrets, Inc*., 124 F.Supp.2d 311, 315 (E.D. Pa. 2000). "Under 17 U.S.C. § 410(c), only works that are registered within five years after the first publication of the work are entitled to a presumption of validity." *Id*. "For works registered after the five year period following publication, it is within the court's discretion to determine what evidentiary weight the registration should be accorded." *Id*.; 17 U.S.C. § 410(c).

In this case, Plaintiff has not submitted the certificates of registration for the Asserted Copyrights. Instead, Plaintiff has only provided screenshots of search results accompanied by

converted images the asserted designs. *See* Dkt. 2-3. Even if Plaintiff has submitted the certificates of registrations, Plaintiff's Asserted Copyrights are not presumably valid because the registration dates of the Asserted Copyrights are April 18, 2022, and the date of first publication dates are January 10, 2015, which is well over five years before the registration dates. *Id.* Thus, Plaintiff's Asserted Copyrights are not presumably valid. *Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*, 319 F. Supp. 3d 754, 762 (D.N.J. 2018), aff'd, 931 F.3d 215 (3d Cir. 2019).

In Plaintiff's Complaint and Motion for temporary restraining order and preliminary injunction, Plaintiff failed to establish the validity of the Asserted Copyrights except for the unauthenticated screenshots. Thus, Plaintiff has not established the success on merits for failing to show the validity of the Asserted Copyrights.

**Second, Plaintiff Asserted Copyrights are also invalid for lacking originality.** Copyright protection is available for "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). "Original, as the term is used in copyright, means only that the work was independently created by the author … and that it possesses at least some minimal degree of creativity." *Feist Publ'ns,* 499 U.S. at 345. Although the Court has noted that this is not a "stringent" standard, it has also held that there is "a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Id.* at 358–59.

Here, the Accused Products sold by Defendants are sourced from the factory holding a valid copyright protection in China. *See* Decl. of Defendants, ¶5. The Chinese copyright held by Defendants' supplier discloses a substantial similar design as the Asserted Copyrights as shown below.

//

//

| Asserted Copyrights | Defendants' supplier's Copyright |
|---|---|
| Date of Creation: 2014 | Date of Creation: 2010-06-01 |
| Date of Publication: 2015-01-10 | Date of Publication: 2010-09-01 |
| Date of Registration: 2022-04-18 | Date of Registration: 2019-02-18 |
|  |  |
|  |  |

The simple facial features on a basic wooden cutout—do not surpass the low threshold of originality required for copyright protection. Moreover, both Asserted Copyrights and the Chinese Copyright are titled as images for tooth box, while the Chinese Copyright is designed and

published over four years before the Asserted Copyrights. This precedence not only establishes the commonality and generic nature of such designs but also significantly undermines the originality claimed by Plaintiff. The use of elementary shapes and features in both designs suggests a standard industry practice rather than a unique or novel creation. Judicial precedents uphold that trivial and generic artwork does not qualify for copyright protection. The similarities between Chinese Copyright and Asserted Copyrights, especially considering Chinese Copyright's prior registration and widespread use, firmly classify the Plaintiff's design within the "narrow category" of non-creativity as described in *Feist*. The designs' basic and rudimentary elements, widely utilized in the industry, fail to meet the threshold of creativity necessary for copyright. *Google LLC v. Oracle Am., Inc*., 141 S. Ct. 1183, 1196 (2021) ("a definitional provision sets forth three basic conditions for obtaining a copyright. There must be a 'wor[k] of authorship,' that work must be 'original,' and the work must be 'fixed in any tangible medium of expression.'").

Thus, Defendants have established a clear, unambiguous priority over Plaintiff in terms of the creation, publication, and registration of the copyrighted work. Plaintiff's designs, as registered, fail to meet the constitutional and statutory requirements for copyright protection due to a definitive lack of originality.

### 2. Even if Valid, Defendants Did Not Copy Plaintiff's Asserted Copyrights.

Courts have recognized that there is rarely direct evidence of copying; instead, a plaintiff can prove actual copying through evidence of: (1) access to the copyrighted material; and (2) substantial similarity of the copyrighted material and the allegedly infringing work. *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, 2004 WL 2583817, at *9 (E.D.Pa. Nov.12, 2004). The indirect evidence must simply show that there is a "reasonable possibility of access." *Cottrill v. Spears*, 87 F. App'x 803, 805 (3d Cir. 2004), as amended on reh'g (June 2, 2004). Thus, where there is a "relationship linking the intermediary and the alleged copier," access may be inferred. *Id*.

Regardless of the means by which plaintiffs allege that defendants gained access to the infringed work, that access must be meaningful. *Id.*, at 806. Plaintiffs must show that defendants had an "opportunity to view or to copy his work." *Id.*

Here, Plaintiff failed to establish the Defendants have had any meaningful access to the alleged infringed work. Plaintiff has failed to address how Defendants had access to the Asserted Copyrights or how they allegedly copied the claimed design. Plaintiff merely provided conclusory statements regarding the Defendants' allegedly infringing activities without more. *See* Dkt. 7. Moreover, Plaintiff has failed to demonstrate any meaningful access to the Asserted Copyrights in the Complaint, relying instead on vague and conclusory statements that lack the requisite specificity and evidence, which should therefore be disregarded by the Court.

Thus, Plaintiff failed to prove the actual copying through evidence of access to the copyrighted material.

Moreover, as mentioned above, the Accused Products sold by Defendants are sourced from the factory holding a valid copyright protection in China. *See* Decl. of Defendants, ¶5. The factory's copyright is designed and published years before Plaintiff's claimed design. Thus, it is impossible for the Defendants to copy Plaintiff's claimed design.

Therefore, Plaintiff failed to establish the alleged copyright infringement, and the PI Order should be vacated.

### C. Plaintiff Failed to Establish Irreparable Harm.

To establish irreparable harm sufficient for granting an injunction, Plaintiff must demonstrate to the Court that a "'clear showing of a likelihood of immediate irreparable harm,'" rather than a "risk" of harm, absent a grant of injunctive relief. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3rd Cir. 1992). Plaintiff is not entitled to any presumption of irreparable harm. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006). This conclusion is

supported by the decisions of other courts that apply *eBay*'s rationale to preliminary injunctions under both the patent and copyright laws. *Am. Beverage Corp. v. Diageo N. Am., Inc*., 936 F. Supp. 2d 555, 614 (W.D. Pa. 2013).

Here, it is noteworthy that Plaintiff has failed to cite any binding precedent from this District or the Third Circuit to support its claim of irreparable harm. Instead, Plaintiff relies on several non-binding decisions from other district courts and Federal Circuit cases involving patent infringement. As a result, Plaintiff has not established irreparable harm due to the lack of a proper legal basis.

Further, Plaintiff failed to provide any evidence to show the alleged irreparable harm. *Ferring Pharms., Inc. v. Watson Pharms., Inc*., 765 F.3d 205, 218 (3d Cir. 2014) (affirmed the district court's find that plaintiff did not produce evidence sufficient to prove the irreparable harm except the declaration.) Plaintiff's alleged irreparable harm is entirely based on the Plaintiff's declaration. *See* Dkt. 9, ¶¶ 14-15. However, Plaintiff merely provided some conclusory statements of the irreparable harm without any specificity. Plaintiff does not even provide any evidence showing that it has any goodwill or reputation related to the claimed design in the market – nor could it. *St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co*., 414 F.3d 700, 704-06 (7th Cir. 2005) (stating that "speculative injuries do not justify" granting injunctive relief, and that a moving party "cannot obtain a temporary injunction by speculating about hypothetical future injuries"). It is well established that Plaintiff must show the irreparable harm beyond mere conclusory allegations. *Silvertop Assocs.*, 319 F. Supp. 3d at 769.

Moreover, Plaintiff argument that the monetary judgment is likely uncollectable solely because Defendants reside in China or other foreign jurisdictions also falls short. Again, Plaintiff cite any binding precedent from this District or the Third Circuit to support its argument. *See* Dkt.

7, p. 21. Plaintiff failed to provide any actual evidence in support of its alleged irreparable harm before showing the money damage was insufficient. Contrary to Plaintiff's argument, it should be well aware that over $500,000 USD has been restrained in Defendants' Amazon accounts. Moreover, Defendants have appeared in this case opposing Plaintiff's Motion via United States attorneys. Plaintiff's arguments regarding Defendants' operation are nothing more than maliciously speculation and boilerplate statements like the other Schedule A cases.

Therefore, the PI Order should be vacated for failing to show the irreparable harm.

**D. Balance of Factors Weighs Against the PI Order**

Before granting a preliminary injunction, this Court must balance the hardships that would result to the enjoined party against those resulting in the absence of injunctive relief. The Third Circuit requires that a court examine the possibility of irreparable harm that may result from the issuance of a preliminary injunction. *Opticians Assoc. of America v. Independent Opticians of America*, 920 F. 2d 187, 191 (3d. Cir. 1990). The balancing analysis requires the court "to ensure that the issuance of an injunction would not harm the infringer more than a denial would harm the mark's owner." *Opticians*, 920 F.2d at 197. Opticians further held that loss of trade qualifies as irreparable harm. 920 F.2d at 194.

Here, as discussed above, Plaintiff failed to show the likelihood of success on the merits, since it failed to show the validity of the Asserted Copyrights. Further, Defendants have provided sufficient evidence showing that the Asserted Copyrights are invalid and lack originality. A decision in favor of Plaintiff could deprive the public of choices in the market for several months. *Am. Beverage Corp.*, 936 F. Supp. 2d at 617. Plaintiff also failed to provide sufficient evidence to support its claims of irreparable harm. *Id*. To the contrary, the PI Order has led to monetary damage of Defendant on both extra cost and loss in sales, especially during the holiday season. When

Plaintiff does not have much likelihood to succeed on the merits, the balance of harms analysis needs to weigh in Defendant's favor more.

Furthermore, Defendants' financial data presented shows a stark disproportion between the store's total annual sales and the minimal revenue generated from the alleged infringed product. *See* Decl. of Defendants, ¶¶7-11. There are over $500,000 USD funds were restrained in Defendants' Amazon account, while the total revenue generated from the Accused Products for all the Defendant are less than $8,000 USD. *Id*. Therefore, the PI Order should be vacated.

### E. The Security Bond Associated with The PI Order Is Insufficient.

As a result of the potential hardship of a preliminary relief on a defendant, Federal Rule of Civil Procedure 65(c) requires the patentee to post a security bond "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." "[T]he amount of the bond is left to the discretion of the court ...." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010). "[T]he injunction bond 'provides a fund to use to compensate incorrectly enjoined defendants.'" *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc*., 335 F.3d 235, 240 (3d Cir. 2003). "It is generally settled that, with rare exceptions, a [party] wrongfully enjoined has recourse only against the bond." *Id*. "Thus, the bond generally limits the liability of the applicant and informs the applicant of 'the price [it] can expect to pay if the injunction was wrongfully issued.' " *Id*.

Here, a substantial amount of funds was restrained because of the PI Order, and Defendants have been significantly harmed because of being unable to access their funds to pay their customers, vendors, and employees. *See* Decl. of Defendants, ¶¶7-11. Accordingly, if the Preliminary Injunction Order is not vacated, Defendants respectfully request that the Court either reduce the asset restrictions to an amount equivalent to the total revenue generated by the Accused Products

for each Defendant or, alternatively, increase the bond to match the total amount restrained in Defendants' accounts.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request the Court to vacate the PI Order.


Dated: January 28, 2025

*/s/: Tianyu Ju*
    Tianyu Iris Ju, Esq.
    Iris.ju@glacier.law
    **Glacier Law LLP**
    251 S Lake Ave., Suite 910,
    Pasadena, CA 91101
    www.glacier.law
    Tel: +1 (332) 208-8882
    Direct: +1 (626) 663-1199

    *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this January 28, 2025, I electronically filed the foregoing file with the Clerk of Court using the CME/CF system, and services was perfected on all counsel of record and interested parties through this system which will deliver a true and correct copy of the foregoing document via CME/CF.

*/s/Tianyu Ju*
Tianyu Ju