IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUISHAN CHEN,<br><br>     *Plaintiff,*<br><br>v.<br><br>ADEDIY, *et al*,<br><br>     *Defendants*. | Civil Action No. 2:24-cv-1516<br><br>Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

  Plaintiff Huishan Chen ("Chen") seeks a preliminary injunction to enjoin Defendant No. 6 – Blackfast and Defendant No. 22 – PAMBO Direct ("Defendants") from their unauthorized use of her copyrighted works. (ECF Nos. 2, 66-1, 66-2). She asserts that by promoting, selling, offering for sale and distributing knockoffs, Defendants are infringing on her copyrighted images of a boy's face and a girl's face on tooth boxes. (ECF No. 2). For the reasons explained below, the Court holds that Chen is entitled to preliminary injunctive relief and her motion will be granted.

  **I. STANDARD OF REVIEW**

  The grant or denial of a preliminary injunction is within the sound discretion of a district court. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 178–79 (3d Cir. 2017) ("District courts have the freedom to fashion preliminary equitable relief so long as they do so by 'exercising their sound discretion.'" (citation omitted)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). The "status quo" refers to "the last,

1

peaceable, noncontested status of the parties." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). Rather, such relief "should be granted only in limited circumstances." *Kos Pharms.*, 369 F.3d at 708 (citation omitted). A moving party "must establish entitlement to relief by clear evidence." *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018). Specifically, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.

*Kos Pharms.*, 369 F.3d at 708; *see also Winter*, 555 U.S. at 20. The first two factors are "the most critical," and the moving party bears the burden of making the requisite showings. *Reilly*, 858 F.3d at 176, 179 (citations omitted). Once those "gateway factors" are met, a court should "consider[] the remaining two factors" and then "determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

In reaching its decision on a request for injunctive relief, a district court sits as both the trier of fact and the arbiter of legal disputes. A court must, therefore, make "findings of fact and conclusions of law upon the granting or refusing of a preliminary injunction." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1178 (3d Cir. 1990) (citing Fed. R. Civ. P. 52(a)(2)). This "mandatory" requirement of Federal Rule of Civil Procedure Rule 52(a)(2) must be met "even when there has been no evidentiary hearing on the motion." *Id.* Nevertheless, at the preliminary injunction stage, "procedures [] are less formal and evidence [] is less complete than in a trial on the merits." *Kos Pharms.*, 369 F.3d at 718; *see also AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) ("[T]he grant or denial of a

preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing [that] is the responsibility of the district judge." (citations omitted)). Accordingly, a court "may rely on affidavits and hearsay materials which would not be admissible evidence." *Kos Pharms.*, 369 F.3d at 718 (quoting in parenthetical *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995)). The weight given to such materials will "vary greatly depending on the facts and circumstances of a given case." *Id.* at 719. A court is also tasked with assessing the credibility of witness testimony and may base the decision to grant or deny a preliminary injunction on credibility determinations. *See e.g., Hudson Glob. Res. Holdings, Inc. v. Hill*, No. 02:07CV0132, 2007 WL 1545678, at *8 (W.D. Pa. May 25, 2007).

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On November 27, 2024, Chen filed a complaint and a motion for (1) a temporary restraining order ("TRO"); (2) an order restraining assets and merchant storefronts; (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery. (ECF Nos. 2 and 6). On December 5, 2024, the Court held a videoconference motion hearing pertaining to the TRO. (ECF No. 17). The Court granted the TRO, permitted alternative service on Defendants, and scheduled a videoconference injunction hearing for December 18, 2024. (ECF Nos. 18-22). The Court presided over the preliminary injunction hearing. (ECF No. 25). For the reasons set forth on the record, Chen's request for a preliminary injunction was granted as to all defendants except for those at issue here. Defendants appeared without counsel, and the Court afforded them thirty days to retain counsel and file supplemental briefing. (ECF Nos. 25 and 26). As to Defendants, a videoconference injunction hearing was set for January 21, 2025. (ECF No. 27). On that date, the parties chose not to expand the evidentiary record by presenting evidence or witnesses. Instead, Defendants

requested supplemental briefing, and a briefing schedule was set. Upon the filing of Defendants' supplement, the parties were directed to meet and confer to determine whether an evidentiary hearing was necessary. (ECF No. 47). Supplemental briefing has been submitted (ECF Nos. 61 and 67), and neither party has requested the expansion of the record through an evidentiary hearing.

Chen created and designed images of a boy's and a girl's smiling faces to be printed on a container for collecting loose teeth. (ECF No. 2, p. 2; ECF No. 2-3). On April 18, 2022, she filed two copyright registrations – Nos. VA002299841 and VA000229839 ("Chen's Copyrights") – in the United States. The date of first publication was on January 10, 2015, and the registration decision date was May 16, 2022. (ECF No. 66-2). Defendants are individuals and/or business entities engaged in e-commerce sales of allegedly infringing tooth boxes that target their business activities toward consumers throughout the United States, including Pennsylvania, through online marketplaces such as Amazon.com, Walmart.com, and Alibaba.com. (ECF No. 2; ECF No. 2-4, pp. 2 and 9).

### III.    ANALYSIS

Defendants raise one argument in opposition to the issuance of a preliminary injunction. They contend that Chen's Copyrights "are invalid and unoriginal in light of Chinese Copyright 00724827, which allegedly pre-dates the Asserted Copyrights." (ECF No. 67, p. 1). The Court does not find this argument persuasive, and it will impose the preliminary injunction.

**A.    Chen has sufficiently demonstrated that she is likely to succeed on the merits of its underlying claim for copyright infringement.**

In order to obtain the requested preliminary injunctive relief, Chen must demonstrate that she "can win on the merits." *Reilly*, 858 F.3d at 179. She must "show a *likelihood* of success on the merits (that is, a reasonable chance, or probability, of winning)." *Singer Mgmt. Consultants*

4

*v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (*en banc*) (emphasis in original). This "requires a showing significantly better than negligible but not necessarily more likely than not." *Reilly*, 858 F.3d at 179. To establish copyright infringement, Chen must demonstrate (1) ownership of a valid copyright and (2) that Defendants copied protected material. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290 (3d Cir. 1991) (citations omitted).

        1. <u>Ownership of a Valid Copyright</u>

A plaintiff's possession of a valid copyright registration certificate "creates a rebuttal presumption that the work is copyrightable and that [the plaintiff] has a valid interest." *F.A. Davis Co. v. Wolters Kluwer Health, Inc.*, 413 F. Supp. 2d 507, 510 (E.D. Pa. 2005) (citations omitted). On a motion for preliminary injunction, a court must "determine whether a copyright registration has been successfully rebutted." *Midway Mfg. Co. v. Bandai-Am., Inc.*, 546 F. Supp. 125, 139–40 (D.N.J. 1982) (citation omitted). Chen's certificates state that the first publication was on January 10, 2015. On May 16, 2022, the Copyright Office granted her registration with an effective date of April 18, 2022. (ECF No. 66-2).

Defendants contend that their alleged Chinese Copyright No. 00724827 ("Chinese Copyright") predates Chen's Copyrights. Because copyright law has international implications, the Berne Convention for the Protection of Literary and Artistic Works (Berne Convention), which took effect in 1886, is the principal accord governing international copyright relations. *Golan v. Holder*, 565 U.S. 302, 306 (2012); *see also* 17 U.S.C. § 104(b)(2); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, L.L.C.*, 586 U.S. 296, 306-07 (2019) (recognizing that Congress removed foreign works from the Copyright Act's registration requirement in 1988). This simply means that foreign copyright holders are afforded the same protection as domestic copyright holders – they are subject to the same U.S. copyright law analysis.

The Court finds that Defendants' proffered evidence (ECF No. 51-1) is insufficient to establish the existence of a Chinese Copyright. The proffered Chinese Copyright has only been partially translated, it has not been certified by a lawful custodian of the Chinese Copyright Office, nor has it been authenticated by a certification of a United States consular office based in China under the seal of that office. No indication exists that Defendants registered their work with the U.S. Copyright Office. Hence, it is premature at this stage of the case to treat the Chinese Copyright registration as presumptively authentic.

Furthermore, Defendants have come forth with no verifiable evidence supporting the "Work Completion Date: June 1st, 2010," or the "Registration Date: February 18th, 2019." (ECF No. 51, p. 14). Defendants have failed to offer evidence (e.g., date-stamped product webpages, articles, or sales data) to corroborate the purported 2010 publication date and show that Defendants used the disputed images before Chen put her tooth boxes on the market. Chen submitted unrebutted evidence that she created and designed images of a boy's and a girl's smiling faces to be printed on a container for collecting children's loose teeth which were registered as United States Copyright Nos. VA002299841 and VA0002299839 in 2022. (ECF No. 66-2). She also came forth with evidence that she created, marketed, and sold her products as early as 2016 in the United States. Chen has met her evidentiary burden to show the existence of a valid copyright.

Defendants next attempt to rebut the presumed validity of Plaintiff's Copyrights by arguing that her work lacks originality. They seemingly believe that "the use of elementary shapes and features in both designs suggests a standard industry practice rather than a unique or novel creation." (ECF No. 51, p. 15).

"Original, as the term is used in copyright, means only that the work was independently created by the author … and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991) (citation omitted). "[T]he requisite level of creativity is extremely low," where "even a slight amount will suffice." *Id.* Originality does not require novelty; an original work may be one that "closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Id.* at 345–46. The Court finds that Defendants have failed to come forth with persuasive evidence to call into doubt that Chen independently created her tooth boxes and that they possess the requisite minimal creativity. The Court, like the Copyright Office, finds that the tooth boxes are original and are entitled to the presumptive validity of their issued copyrights.

Defendants' arguments as to why Chen does not have a valid copyright fail. Chen has demonstrated the first prong of the copyright infringement analysis—ownership of a valid copyright—and the Court must next consider whether Defendants engaged in unauthorized copying of her protected work.

    2. <u>Unauthorized Copying of Protected Material</u>

Since direct evidence of copying is rarely available, it may be inferentially proven by demonstrating that someone who had access to a copyrighted work used material substantially similar to the work in a manner that interferes with a copyright owner's rights afforded under 17 U.S.C. § 106. *Ford Motor Co.*, 930 F.2d at 291 (citations omitted). "Substantially similar" is broken down to an extrinsic test and an intrinsic test. *Id.* The extrinsic test considers "whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own." *Id.* (quoting *Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986)). The intrinsic test, on the other

hand, looks at whether "the copying was an unlawful appropriation of the copyrighted work" viewed from the perspective of a lay person. *Id.* (citations omitted).

Since 2016, Chen has offered for sale her woodgrain tooth boxes on several online platforms, including the "Alibaba" and Amazon e-commerce platforms. (ECF No. 66, p. 3; ECF No. 66-3). This demonstrates that there were available avenues for Defendants to access the copyrighted work.

In addition to access, Defendants' design is also "substantially similar" to Chen's tooth boxes. Looking at Chen's boxes and Defendants' boxes side by side, they are nearly identical down to the girl's three-dotted bowtie and eyelashes. (ECF No. 2-4, pp. 2 and 9). There is no question that the works are, at the very least, "substantially similar."

Finally, through Defendants' "promoting, selling, offering for sale and distributing" of their boxes, they have interfered with Chen's exclusive rights afforded to her under 17 U.S.C. § 106 to reproduce and distribute her tooth boxes. Therefore, at this stage, Chen has inferentially proven that Defendants copied her protected material in order to design and subsequently promote and sell their tooth boxes.

By demonstrating that she has a valid copyright and that Defendants engaged in actual, unauthorized copying of her copyrighted material, the Court finds that Chen is likely to succeed on the merits of her underlying copyright infringement claim. She has met her burden pertaining to the first prong of the preliminary injunction analysis.

**B.    Chen has shown that she will suffer irreparable harm absent the Court granting her requested preliminary injunction.**

Chen must next show that she "is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. She must "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno*, 40 F.3d

8

at 653. This potential harm must be "immediate"—it is insufficient to warrant preliminary injunctive relief "if the harm will occur only in the indefinite future." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (citation omitted). To obtain injunctive relief in copyright infringement suits, "a moving party must show that it will suffer irreparable harm that is causally attributable to the challenged infringement." *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d Cir. 2019) (citations omitted).

Chen has met her burden by showing that she will not receive an adequate remedy at law. As the Court discussed previously, Chen's tooth boxes and Defendants' tooth boxes are, at the very least, substantially similar. Such similarity causes market confusion, leading customers to potentially associate their interaction with a product to the wrong manufacturer of that product. Thus, the harm that Chen would be subjected to absent the entering of a preliminary injunction goes beyond just lost profits. The risk of irreparable harm to Chen's reputation, value, and goodwill cannot be adequately remedied at law.

### C.    The balance of equities weighs in favor of granting Chen's requested injunctive relief.

The third factor requires consideration of whether, and to what extent, Defendants will suffer irreparable harm from the grant of a preliminary injunction. *See Kos Pharms.*, 369 F.3d at 727. The Court must then "balance the hardships" likely to be suffered by Chen (if an injunction is denied) and by Defendants (if an injunction is granted), *id.* (citation omitted), and determine whether the "equities tip[] in [Chen's] favor," *Winter*, 555 U.S. at 20. "[T]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in [its] favor." *Kos Pharms.*, 369 F.3d at 729 (citation omitted).

Defendants assert that the injunctive relief sought threatens monetary damage and loss in sales. Without an injunction, Chen will suffer continued monetary loss to her business, as well

9

as the value, goodwill and reputation built up in and associated with her tooth boxes. The Court finds that the balance of hardships weighs in favor of Chen. As the holder of valid United States copyrights, Chen is afforded certain rights and protections upon registration. These protections grant the copyright owner the *exclusive* rights to reproduce and distribute their work for sale. 17 U.S.C. § 106 (emphasis added). A company establishes itself in the marketplace—through its reputation, value, and goodwill—on the assumption that it is in sole control of its intellectual property. Thus, a copyright owner loses this control when an alleged infringer enters the marketplace and seeks to reap the benefits of the owner's work for its own gain. Conversely, the harm that Defendants face will be losing the revenue stream created by selling their tooth boxes. Defendants simply fail to demonstrate that they will be irreparably harmed by being enjoined from selling their products.

> **D.     The public has an interest in enjoining Defendants' allegedly infringing activities.**

The fourth factor asks whether "an injunction is in the public interest." *Winter*, 555 U.S. at 20. "In exercising their sound discretion, courts of equity should pay particular regard [to] the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). Nevertheless, "[w]eighing the public interest in preliminary relief is often fairly routine." *Kos Pharms.*, 369 F.3d at 730. "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *AT&T*, 42 F.3d at 1427 n.8.

The public has an interest in the protection of intellectual property, as first recognized by the framers of the Constitution. *See* U.S. Const. Art. I, § 8, cl. 8 ("The Congress shall have Power … To promote the Progress of Science and useful Arts, by securing for limited Times to

Authors and Inventors the exclusive Right to their respective Writings and Discoveries.") As discussed above, copyright law was enacted with the intent to give owners exclusive rights in their works. To not allow Chen to enforce the protections she was granted upon her registration of valid copyrights would go against the public's interest and run afoul of the central purpose of copyright law. Therefore, the final factor also weighs in favor of granting Chen's requested injunctive relief.

## IV. CONCLUSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. After balancing all four factors, the Court finds that Chen has met her burden of demonstrating that she is entitled to the extraordinary relief of a preliminary injunction. Her motion as to Defendant No. 6 – Blackfast and Defendant No. 22 – PAMBO Direct ("Defendants") will be granted by Order of Court to follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

2/26/25
Dated